Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
**CILENTI & COOPER, PLLC**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

**CV 12 - 3372**

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED CLERK
2012 JUL -9 PM 12:59
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

---

RIGOBERTO ADELSO RAMOS, LUIS ALONSO DIAZ,
TARCICIO ADALBER VASQUEZ, and
GREGORIO CORTES, on behalf of themselves,
and others similarly situated,

Plaintiffs,

-against-

PAPACITOS BROOKLYN, LLC.,
and CODY UTZMAN,

Defendants.

Case No.:

**COMPLAINT**

**BLOCK, J.**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**REYES, M.J.**

**JURY TRIAL DEMAND**

---

Plaintiffs, Rigoberto Adelso Ramos, Luis Alonso Diaz, Tarcicio Adalber Vasquez, and Gregorio Cortes ("Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Papacitos Brooklyn, LLC ("Papacitos"), and Cody Utzman (collectively referred to herein as the "Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid overtime wages; (2) unpaid spread of hours premium; (3) liquidated damages pursuant to the New York Wage Theft Prevention Act; (4) pre-judgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs Rigoberto Adelso Ramos, Tarcicio Adalbar Vasquez, and Gregorio Cortes are residents of Kings County, New York.

6. Plaintiff Luis Alonso Diaz is a resident of Queens County, New York.

7. Defendant, Papacitos, is a domestic limited liability corporation organized under the laws of the State of New York, with a principal place of business located at 999 Manhattan Avenue, Brooklyn, New York 11222.

8. Upon information and belief, Defendant, Cody Utzman, is an owner, officer, director and/or managing agent of Papacitos, whose address is unknown at this time, and who participated and continues to participate in the day-to-day operations of Papacitos and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Papacitos.

9. Plaintiff, Rigoberto Adelso Ramos, was employed by the Defendants, in Kings County, New York, to work as a kitchen assistant and dishwasher, for Defendants' restaurant, from approximately June 2008 through on or about April 17, 2012.

10. Plaintiff, Luis Alonso Diaz, was employed by the Defendants, in Kings County, New York, to work as a kitchen assistant and dishwasher for Defendants' restaurant, from approximately September 2010, through the present.

11. Plaintiff, Tarcicio Adalber Vasquez, was and is employed by the Defendants, in Kings County, New York, to work as a kitchen assistant and dishwasher for Defendants' restaurant, from approximately March 2010, through the present.

12. Plaintiff, Gregorio Cortes, was and is employed by the Defendants, in Kings County, New York, to work as a kitchen assistant and dishwasher for Defendants' restaurant, from approximately November 2009, through the present.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Papacitos.

14. At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

### A. PLAINTIFF RIGOBERTO ADELSO RAMOS

15. In or about June 2008, Plaintiff, Rigoberto Adelso Ramos, was hired by the Defendants to work as a kitchen assistant and dishwasher at Defendants' restaurant known as "Papacitos", located at 999 Manhattan Avenue, Brooklyn, New York 11222.

16. Plaintiff Rigoberto Adelso Ramos worked for the Defendants in such capacity through April 17, 2012.

17. During Rigoberto Adelso Ramos' employment by Defendants, he often worked over forty (40) hours per week.

18. Rigoberto Adelso Ramos was not paid proper overtime wages. Plaintiff was paid up to $11.85 per hour, partly by check, and worked up to sixty-four (64) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the regular rate as required by state and federal law.

### B. PLAINTIFF LUIS ALONSO DIAZ

19. In or about September 2010, Plaintiff, Luis Alonso Diaz, was hired by the Defendants to work as a kitchen assistant and dishwasher at Defendants' restaurant known as "Papacitos", located at 999 Manhattan Avenue, Brooklyn, New York 11222.

20. Plaintiff Luis Alonso Diaz has worked for the Defendants in such capacity through the present.

21. During Luis Alonso Diaz's employment by Defendants, he often works and worked over forty (40) hours per week.

22. Luis Alonso Diaz was and is not paid proper overtime wages. Plaintiff was paid $8.00 per hour, partly by check, and he often worked over sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the regular rate as required by state and federal law.

4

## C. PLAINTIFF TARCICIO ADALBER VASQUEZ

23. In or about March 2010, Plaintiff, Tarcicio Adalber Vasquez, was hired by the Defendants to work as a kitchen assistant and dishwasher at Defendants' restaurant known as "Papacitos", located at 999 Manhattan Avenue, Brooklyn, New York 11222.

24. Plaintiff Tarcicio Adalber Vasquez has worked for the Defendants in such capacity through present.

25. During Tarcicio Adalber Vasquez's employment by Defendants, he often worked over forty (40) hours per week.

26. Tarcicio Adalber Vasquez was not paid proper overtime wages. Plaintiff was paid up to $9.50 per hour, partly by check, and worked up to sixty-seven (67) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the regular rate as required by state and federal law.

## D. PLAINTIFF GREGORIO CORTES

27. In or about November 2009, Plaintiff, Gregorio Cortes, was hired by the Defendants to work as a kitchen assistant and dishwasher at Defendants' restaurant known as "Papacitos", located at 999 Manhattan Avenue, Brooklyn, New York 11222.

28. Plaintiff Gregorio Cortes has worked for the Defendants in such capacity through present.

29. During Gregorio Cortes' employment by Defendants, he often worked over forty (40) hours per week.

30. Gregorio Cortes was not paid proper overtime wages. Plaintiff was paid up to $10.00 per hour, partly by check, and worked up to sixty-six (66) hours per week. Work

performed above forty (40) hours per week was not paid at time and one-half the regular rate as required by state and federal law.

31. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs and other similarly situated employees for work performed over forty (40) hours in a workweek.

32. Defendant, Cody Utzman, is an individual who, upon information and belief, owns the stock of Papacitos, owns Papacitos, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

33. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

34. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiffs and other similarly situated employees.

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant since

July 2006 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

37. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who currently are, or have been employed by the Defendant for up to the last six (6) years, through entry of judgment in this case (the "Collective Action Period"), and whom did not receive proper overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

38. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant. Upon information and belief, the class consists of all current and former non-managerial employees, and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

39. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

40. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

41. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

42. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether Plaintiffs and the Collective Action Members were improperly classified as exempt under the FLSA;

    c. Whether Defendants failed to pay overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    d. Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

    e. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

## CLASS ACTION ALLEGATIONS

43. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

44. Plaintiffs bring his New York Labor Law claims on behalf of all persons who were employed by Defendant at any time since July 2006 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime compensation in violation of the New York Labor Law (the "Class").

45. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the class consists of all non-managerial current and former employees, and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

46. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

47. The Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

48. Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

49. Plaintiffs will fairly and adequately protect the interests of the NY Class Members. Plaintiffs understand that, as a class representative, they assumes a fiduciary

responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that he may not favor their own interests over those of the Class or Collective Action Members.

50. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understands that they may be called upon to testify in depositions and at trial.

51. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

52. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. Whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

   b. Whether Plaintiffs and the members of the Class were improperly classified as exempt under the New York Labor Law;

   c. Whether Defendants failed to pay overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

   d. Whether Defendants' violations of the New York Labor Law were willful as that term is used in the context of the New York Labor Law;

e. Whether Defendant's are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

53. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

56. Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

57. Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess forty (40) as provided for in the FLSA.

58. Defendant failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA

59. At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

60. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members for all hours worked, and by failing to compensate Plaintiffs and the Collective Acton Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injury Plaintiffs and the Collective Action Members.

61. Records concerning the number of hours worked by Plaintiffs and the Collective Action Members and the actual compensation paid to Plaintiffs and the Collective Action Members are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

62. Defendant failed to properly disclose or apprise Plaintiffs or the Collective Action Members of their rights under the FLSA.

63. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

64. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of

unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

65. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

66. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. At all relevant times Plaintiffs, and the Collective Action Members and Class were employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

68. Defendant knowingly and willfully violated Plaintiffs, the Collective Action Members', and the Class' rights by failing to pay them overtime compensation at rates of not less than one and one-half times their regular rate, for each hour worked in excess of forty (40) hours in a workweek.

69. Defendants knowingly and willfully violated Plaintiff's, the Collective Action Members', and the Class' rights by failing to pay proper overtime compensation.

70. Plaintiff, the Collective Action Members, and the Class are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff, the Collective Action Members, and the Class also seeks liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

71. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to PlaintiffS for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

72. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Rigoberto Adelso Ramos, Luis Alonso Diaz, Tarcicio Adalbar Vasquez, and Gregorio Cortes, on behalf of themselves and all other similarly situated employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An injunction against Papacitos Brooklyn, LLC, and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein or retaliating against Plaintiffs herein for asserting their rights under Federal and New York State labor laws;

(c) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(e) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime wages pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(h)      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
        July 9, 2012

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter H. Cooper (PHC 4714)

15

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Gregorio Cortes_, am an employee formerly employed by _Papacitos_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
May 7, 2012

Sworn to before me this 7th day of May 2012.

Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20 14

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, <u>Tarcicio Adalber</u>, am an employee formerly employed by <u>Papacitos</u>, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
<u>May 7th</u>, 2012

_____

Sworn to before me this <u>7th</u>
day of <u>May</u> 2012.

_____
Notary Public

**PETER H. COOPER**
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20<u>14</u>

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Luis Diaz__, am an employee formerly employed by __Papacitos__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
      May 4, 2012

_Luis Alonzo Diaz_

Sworn to before me this 4 day of May, 2012.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20 14

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Rigoberto Ramos, am an employee formerly employed by Papocitos Restaurant and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       4\20 , 2012

*[signature]*

Sworn to before me this 20
day of April 2012.

*[notary signature]*

Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20 14