UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RIGOBERTO ADELSO RAMOS, LUIS
ALONSO DIAZ, TARCICIO ADALBER
VASQUEZ, and GREGORIO CORTES,

                          Plaintiffs,

       -against-

PAPCITIOS BROOKLYN LLC, CODY
UTZMAN,

                          Defendant.
-------------------------------------------------------X

**NOT FOR PUBLICATION**

**SUMMARY ORDER**

12-CV-3372 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

       Rigoberto Adelso Ramos, Luis Alonso Diaz, Tarcicio Adalber Vasquez, and Gregorio Cortes (collectively, "Plaintiffs") commenced this lawsuit against Papcitios[1] Brooklyn LLC ("Papacitos") and Cody Utzman ("Utzman") (collectively, "Defendants"), for wage and hour violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2 *et seq*.

       Before the Court is Plaintiffs' motion to enforce their settlement with Defendants.  (Dkt. No. 18.)  Defendants did not file a response in opposition.  Having considered Plaintiffs' letter-brief, reviewed the terms of the parties' settlement agreement (the "Agreement"), and heard oral argument, the Court hereby grants Plaintiffs' motion.

---

[1] This defendant's name appears on the incorrectly on the docket as "Papcitios."  The correct spelling is "Papacitos."  *See* PAPACITOS BROOKLYN LLC, NYS Entity Information, http://www.dos.ny.gov/corps/bus_entity_search.html (search "Papacitos Brooklyn"; then follow PAPACITOS BROOKLYN LLC hyperlink).

## BACKGROUND

The parties settled this case before the Court on December 20, 2012. (Dkt. Entry dated 12/20/2012.) The Court retained jurisdiction to enforce the settlement. (*Id.*; Dkt. No. 15.) On February 25, 2013, the parties executed the Agreement, thereby committing to paper the terms communicated to the Court on the record. (*See* Dkt. No. 18, Exh. A, Settlement Agreement and Release ("Settlement Agreement"), at 7.) The Agreement established a thirteen-month schedule for payment of the settlement balance. (*Id*. at 9.)

On July 24, 2013, Plaintiffs filed a letter-motion seeking judicial enforcement of the Agreement. Plaintiffs allege that Defendants are in breach of the Agreement because they have failed to remit their scheduled June 2013 and July 2013 payments. (Dkt. No. 18, at 2.) As a result, Plaintiffs seek acceleration of the unpaid balance of the settlement, late-payment penalties, attorneys' fees, and entry of judgment against Defendants. (*Id.*)

On August 14, 2013, the Court held a hearing on Plaintiffs' motion. (Dkt. No. 22) Plaintiffs were represented by Peter Cooper; Defendants were represented by Khristan Heagle.[2] (*Id.*) After hearing arguments from Plaintiffs' counsel and reviewing email correspondence purportedly sent by Utzman[3] through his attorney, the Court instructed Plaintiffs to refile their

---

[2] The Court granted Heagle's motion to withdraw as attorney for Defendants at the hearing. (Dkt. No. 22.)

[3] The email messages in question originated from two separate accounts: brooklynstandard@gmail.com and yolosgfyskat@gmail.com. Although neither email handle expressly identifies Utzman, his name appears in the sender line and signature block. (*See* Dkt. No. 20.) As to the credibility of the first email address, the Court notes that Utzman served as chef at Greenpoint's Brooklyn Standard. *See* Cody Utzman, Blog, http://codyutzman.com/from-brooklyn-label-to-brooklyn-standard. Additionally, although the latter email handle appears unintelligible at first glance, further scrutiny reveals an acronym that combines a pop culture expression with more unseemly phraseology to opine on the current state of affairs within the

motion to enforce the settlement. (Dkt. Nos. 20, 22.) Plaintiffs refiled their motion on August 16, 2013, seeking the same relief and providing the Court with a damages schedule. (Dkt. No. 23.)

## ANALYSIS

"An agreement made on the record, in open court, and 'under the eyes of the Court,' is a most solemn undertaking requiring the lawyers and the parties to make every reasonable effort to carry out all the terms to a successful conclusion." *Scharf v. Levittown Pub. Schs.*, 970 F.Supp. 122, 129 (E.D.N.Y. 1997) (quoting *Warner v. Rossignol*, 513 F.2d 678 (1st Cir.1975)). "Stipulations of settlement are favored by the courts and not lightly cast aside." *Id.* (citing *Matter of Galasso*, 320 N.E.2d 618, 618 (N.Y. 1974)). Indeed, settlement agreements are contracts between the parties, and they must be "construed according to general principles of contract law." *Red Ball Interior Demolition Corp., v. Palmadessa*, 173 F.3d 481, 484 (2d Cir.1999).

"If the terms of a settlement agreement are unambiguous, 'courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself.'" *Wolf v. Wolf*, 59 Fed. App'x 403, 406 (2d Cir. 2003) (quoting *Palmadessa*, 173 F.3d at 484). Nevertheless, "[w]here there is a material breach of the settlement agreement, a district judge may enforce the terms of the stipulation of settlement by altering the terms of the agreement." *Scharf*, 970 F. Supp. at 12 (citing *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626, 629 (2d Cir. 1982)); *see also Wolf*, 59 F. App'x at 405 ("[T]he retention of jurisdiction does

---

Papacitos ownership group. *See* DRAKE, THE MOTTO (Young Money, Cash Money, Universal Republic Records 2011) ("You only live once: that's the motto . . . *YOLO*.") (emphasis added).

not permit the district court to modify the agreement's terms, absent special circumstances such as a material breach or duress."); *Manning v. N.Y. Univ.*, 299 F.3d 156, 164 (2d Cir. 2002).

Here, the Court finds that Defendants violated a material term of the Agreement, and therefore modification is appropriate. Specifically, Defendants breached the Agreement by failing to make the agreed-upon settlement payments. (Dkt. No. 23, at 1-2.) Utzman does not dispute Plaintiffs' breach claim. (*See generally,* Dkt. No. 20.) Moreover, Utzman communicated to the Court that he no longer resides in New York City and that he does not intend to return. (*Id.* at 1-2.) Were the Court to refuse to modify the Agreement, not only would Plaintiffs be required to wait until February 2014 to enforce the judgment by making an identical motion, but Defendants' outstanding obligations would increase by $56,000 pursuant to the Agreement's late-payment penalty provision. (*See* Settlement Agreement § 2(g) ("In the event that Defendants do not make the Settlement Payment(s) within . . . [fourteen days] . . . the Defendants will owe an additional two thousand dollars ($2000.00) to the Plaintiff(s) who did not receive the [payments].").) In effect, failure to modify would be both inefficient and likely to harm all parties to the Agreement. As such, the circumstances here warrant acceleration of the unpaid balance, assessment of the late-payment penalties for June 2013 and July 2013, and entry of final judgment.

Additionally, Cilenti & Cooper, PLLC ("C&C") is entitled to $5,600 in attorneys' fees[4] as counsel for the "successful party" in an action to enforce the Agreement. (Settlement Agreement § 5.) The Court has reviewed C&C's contemporaneous time records (Dkt. No. 25), and I am satisfied that the fees sought for the enforcement of the Agreement are reasonable for an attorney

---

[4] This figure consists of fourteen hours billed at $400 per hour.

with more than fifteen years' litigation experience. *See Moore v. Diversified Collection Servs., Inc.*, No. 07-CV-397 (ENV) (VVP), 2013 WL 1622949, at *1 (E.D.N.Y. Mar. 19, 2013), *report & recommendation adopted by*, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013) ("[T]he district court calculates the presumptively reasonable fee by the lodestar method, which entails determining the number of hours reasonably expended on the litigation [and] multipl[ying that figure] by a reasonable hourly rate.") (quotations omitted).

Accordingly, Plaintiffs are entitled to the following relief: (a) $75,000 for the remaining settlement payments to be distributed pro-rata based on the damages schedule attached to the Agreement; (b) $16,000[5] in late-payment penalties pursuant to the Agreement; and (c) $5,600 in attorneys' fees. The Court will enter final judgment consistent with this Summary Order.

      SO ORDERED.

Dated: August 27, 2013
       Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[5] Each of the four named Plaintiffs is entitled to $4,000. This figure consists of two penalty payments for each Plaintiff.